## R. P. MITCHELLL *v.* GREENWALD & LABE.

1. INDIVIDUAL AND PARTNERSHIP LIABILITIES—PRACTICE.—If suit by attachment and garnishment be commenced against a partnership as such, and the plaintiff dismiss as to one of the two persons comprising the firm, and take judgment as to the other, that judgment becomes an individual, instead of partnership liability, and operates to discharge a garnishee whose indebtedness is to the defendant dismissed, and not to the defendant in the judgment.

2. GARNISHMENT—SERVICE ON PARTNERSHIP.—The return of the sheriff on process of garnishment stating merely that it was served on the firm of "M. & Bro.," is defective, in not showing who composed that firm.  And the answer of M., one of the firm, admitting an indebtedness of his firm does not cure the defective return. The case of Anderson v. Wanzer, 5 How., 587, is unlike this in the fact that there both partners were regularly served with process.

Error to the circuit court of Chickasaw county. BRAD-FORD, J.

On the 4th day of September, 1866, M. M. Seay, agent of Greenwald & Labe, merchants in trade, sued out an attachment against Wilbourne & Davis, partners in trade, for Greenwald & Labe, alleging an indebtedness of defendants to plaintiff of $651 98. The affidavit, as the grounds of the attachment alleged, that defendants had converted or were about to convert their property into money or evidences of debt, with intent to place it beyond the reach of their creditors, and that they had removed, or were about to remove, themselves or their property out of this state. The writ was issued on the 24th of September, 1866, returnable to the October term of the circuit court of Chickasaw county. The sheriff made the return of executed upon R. P. Mitchell & Bro., and A. J. Jamison, garnishees, and a levy on two mules and one buggy, "which property was bonded by defendant Davis."

Declaration was filed, and plea of payment and general issue for defendant Davis. R. P. Mitchell, the appellant, a member of the firm of Mitchell & Bro., answered, admitting an indebtedness of the firm of Mitchell & Bro., in the sum of $103 37, at the time of service of garnishment, to defendant W. T. Davis, and that he knew of no one else indebted, etc. The two mules and the buggy, bonded by defendant Davis, were claimed by his wife Adaline Davis, as her separate property. The judgment was rendered at the October term, 1868, of the circuit court, and it appears from the recitals therein, that plaintiffs below dismissed the cause as to defendant Davis, and took judgment by default against the other defendant Wilbourne, for the sum of $730 22, together with costs, etc. And it was further ordered " that plaintiffs have and recover of R. P. Mitchell, garnishee, etc., upon his answer to the garnishment, the sum of $113 50, the amount admitted to be due and owing by the said R. P. Mitchell, in his answer to defendant Wilbourne, for which execution may issue."

The following errors were assigned by the appellant:

1st. The answer of R. P. Mitchell, the appellant, for the firm of Mitchell & Bro., who had been garnisheed, admitted an indebtedness of the firm, to W. T. Davis, one of the members of the firm who were the defendants in the original attachment suit in the court below, and afterwards the cause was dismissed as to him. It was error to take judgment against the appellant as garnishee, the answer having disclosed indebtedness to Davis alone, and none to Wilbourne, his co-defendant, against whom defendants took judgment by default.

2d. It was error in the court below, upon the answer of Mitchell & Bro., as garnishees, to pronounce judgment against R. P. Mitchell alone, the answer disclosing an indebtedness to W. T. Davis, of the firm of Mitchell & Bro.

3d. The answer of Mitchell & Bro., made by appellant, states an indebtedness to W. T. Davis, one of the defendants in attachment suit in the court below; the cause was dismissed as to Davis, and the judgment erroneously recites that the answer of garnishees admitted a debt from them to Wilbourne, the other defendant. No debt is stated to be due to Wilbourne.

*McFarland & McIntosh*, for plaintiff in error.

The answer of plaintiff in error for the firm of Mitchell & Bro., who were garnishees in the suit in the court below, stated a debt due from the firm of the garnishees to only *one* of the defendants in the court below—Davis. There was no indebtedness admitted in the answer, to the firm of Wilbourne & Davis, or to Wilbourne individually, but to his co-defendant, Davis, individually. Defendant in error dismissed in the court below, as to Davis, and took judgment by default against the remaining defendant, Wilbourne, and at the same time against the plaintiff in error, alone.

It was error to take judgment against the plaintiff in error, after dismissal as to Davis, upon the answer showing a debt due only to the latter. We think the error manifestly apparent without argument, or the citation of authorities.

The second ground of error we think unquestionable. It was competent for one member of the firm to answer for the firm. Anderson v. Wanzer, 5 How. Miss. R., 587; Drake on Attachments, § 565 (third edition). The judgment against only one of a firm, garnisheed, the answer showing a debt due from the firm, was clearly erroneous.

3d. The answer showed a debt due to Davis; the suit was dismissed as to him, and judgment taken against Wilbourne. The judgment against plaintiff in error, as garnishee, rests upon the assumption that the answer stated a debt due to Wilbourne. The answer shows this recital to be untrue. Clearly, such judgment is not valid. It is submitted that this court enter the judgment here which should have been entered by the court below, dismissing the garnishment and answer.

SIMRALL, J.:

Greenwald & Labe on the 4th of September, A. D. 1866, sued out an attachment against Wilbourne & Davis, copartners in trade and merchandise, returnable to the October term of the circuit court of Chickasaw county. Davis appeared and pleaded the general issue and payment. R. P. Mitchell, a member of the firm of Mitchell & Bro., answered, admitting the indebtedness of his firm in the sum of $103 37 to the defendant, W. T. Davis. The suit was dismissed as to W. T. Davis, and judgment against the other defendant, Wilbourne, by default for $730 22. Judgment was also rendered against R. P. Mitchell, garnishee, for $103 37. Mitchell brings the case to this court and assigns for error that the judgment was improperly rendered against him. The writ of error only brings for review the judgment rendered against the garnishee.

R. P. Mitchell of the firm of Mitchell & Brother, in his answer, admits that they (no doubt, meaning the firm), are indebted to W. T. Davis $103 37. There are several objections to the judgment. The garnishment process was served on Mitchell & Brother. But it does not appear who composed the firm. Mitchell's answer implies that it included more than

one person.   Mitchell's appearance and answer admits that
he was served.   But service on him would not be service on
the other partners, nor could Mitchell by any pleading, admis-
sion, or act of his, give juirisdiction to the court over them.

The extent to which the judgment went in the case of
Anderson v. Wanzer, 5 How., 596, was that one partner might
appear and put in answer for the copartnership firm, if done
on behalf of the firm, it was an answer for all, upon the
ground that the admission of one partner, as to matters per-
taining to the business, was good against all.   But in that
case, it must be noted that jurisdiction was obtained over all
the partners.   For it is distinctly stated " both partners had
been regularly served with process."  The court below would
not have been warranted in pronouncing judgment against
the commercial firm of Mitchell & Brother in the absence of
one of its members from the suit for want of service.   There
is not even so much as an averment of who were the firm.
The statute, Code 357, art. 10, makes the contracts, promises,
or liabilities of partners, joint and several, for the purposes
of suits.   When the plaintiffs below dismissed their suit as
to Davis, they abandoned all right to subject the debt of
Mitchell & Brother, to Davis.

The assets of the firm are primarily dedicated to the pay-
ment of partnership debts, but under a judgment, both the
joint property, and the individual property of the several
partners, may be subjected to satisfaction.   There is an equity
however, taking hold of the joint assets, for the benefit of
partnership creditors, and of individual creditors on the sepa-
rate property, which may be worked out, to establish and
get the fruit of the preference.

Inasmuch as the individual property is liable to be taken
in satisfaction of the judgment against the copartnership, it
would follow that the credits and choses in action due or
owing to the several partners, may also be garnisheed, and
applied to the judgment.   By dismissing the suit as to Davis,
the plaintiff elected to proceed against Wilbourne severally.
The judgment obtained against Wilbourne did not give the

plaintiffs any right to proceed in satisfaction against the property of Davis, nor by garnishment process can the credits of Davis, individually, be subjected to this judgment.

The judgment of the circuit court is reversed, and judgment rendered here discharging the plaintiff in error.